IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PHILIP A. HENDRICK                                                                          PLAINTIFF

V.                                                             CIVIL ACTION NO. 1:16-CV-204-SA-DAS

ITT ENGINEERED VALVES, LLC                                                        DEFENDANT

ORDER

Now before the Court is the Defendant's Combined Motion *in Limine* [49] to exclude certain evidence likely to be presented at trial. "The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potential prejudicial nature, are best addressed in the context of a motion *in limine*." *King v. Cole's Poultry, LLC*, 2017 WL 532284, *6 (N.D. Miss. Feb. 9, 2017) (*citing Maggette v. BL Development Corp.*, 2011 WL 2134578, *1 (N.D. Miss. May 27, 2011). With this standard in mind, the Court turns to the three individual motions *in limine* addressed within the present Motion [49].

First, the Defendant moves the Court to prevent the Plaintiff from introducing any evidence that ITT employees removed the country of origin labels from its products prior to distribution or that the Defendant improperly took credit for partial sales for a fish valve project in 2015. The Defendant argues that such evidence is wholly irrelevant to the Plaintiff's claim and that, if allowed, would unfairly prejudice the jury. The Federal Rules of Evidence govern relevance, as well as the introduction of evidence that may unfairly prejudice a party. FED. R. EVID. 401-403. These rules cannot be applied except in the context of specific evidence and the admissibility of

such evidence will ultimately depend on the context and purpose of its introduction at trial. Accordingly, it is premature for the Court to rule on the admissibility of such evidence at this time.

Secondly, the Defendant urges the Court to exclude any testimony or evidence concerning how the Plaintiff intended to utilize his FMLA benefits, had his employment with ITT continued. The Defendant argues that the Plaintiff's intended use of his FMLA benefits is irrelevant to the merits of his claim and has no bearing on the Plaintiff's alleged damages suffered as a result of his termination. Without identifying the specific issues likely to arise at trial due to this evidence, it is premature for the Court to determine the admissibility of such evidence. The admissibility of this evidence will depend on the context and purpose for which it is offered at trial.

Finally, the Defendant requests that the Plaintiff be prohibited from testifying that his co-worker, Steve Shirley, submitted the Anonymous Ethics Complaint related to moving inventory. The Defendant argues that such testimony is hearsay because the Plaintiff does not have personal knowledge of the matter. The Defendant also argues that the Plaintiff's testimony on this matter would unfairly prejudice the Defendant. The Federal Rules of Evidence govern relevance, as well as the admissibility of hearsay evidence, and evidence that may unfairly prejudice a party. FED. R. EVID. 402-404; 803-805; 807. These rules must be applied in the context of a specific statement to determine whether a hearsay statement is being made and whether an exception exists. Attempting to prohibit such testimony at this stage is premature, as hearsay evidence is evaluated under the rules of evidence pursuant to a timely objection at trial.

Without identifying specific issues likely to arise at trial as a result of the contested evidence, the Motion [49] is little more than a request for the Court to apply the rules of evidence and does not meet the standard outlined above. *See generally Jordan v. Ivy*, 2007 WL 1071402, *1 (N.D. Miss. Apr. 4, 2007) (a motion *in limine* is redundant when the Federal Rules of Evidence

supply the answer for admissibility or non-admissibility of a piece of evidence). Therefore, due to the nature and timing of the motion, the Court finds that these issues will be more expediently handled in the course of trial. *See Rivera v. Salazar*, 2008 WL 296606, *1 (5th Cir. 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.*, 519 F. 2d 708, 712 (6th Cir. 1975). The Court cautions that if the Parties intend to introduce such evidence during the trial, the Parties should first address it with the Court. The Defendant's Motion *in Limine* [49] is DENIED *without prejudice*.

SO ORDERED on this, the 27th day of November, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE